

Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | NO. A05-0085 CR (JMF) |
|---|---|
| Plaintiff, | |
| vs. | **MOTION FOR JUDGMENT OF ACQUITTAL** |
| DAL VAN NGUYEN, | |
| Defendant. | |

I. **Introduction.**

Dal Van Nguyen asks this court to enter a judgment of acquittal pursuant to Fed.R.Crim.P. 29(a).

II. **Background For This Request.**

The information charges Mr. Nguyen with willfully failing to comply with the terms of release under supervision issued by the Bureau of Immigration and Customs Enforcement in violation of 8 U.S.C. § 1253(b). The terms of the release order at issue required that Mr. Nguyen "not commit any crimes while on this order of supervision."

A judgment of acquittal is appropriate because the evidence is legally insufficient to establish that Mr. Nguyen willfully committed a crime while under the order of supervision. This is so because proof that a crime has been committed cannot be established through the use of judgments based on no contest pleas or based on statements made during the course of any such proceedings under Rule 11 of the Federal Rules of Criminal Procedures or during comparable state proceedings. *See* Fed.R.Evid. 410, 802, and 803(22).

For these reasons and for the reasons articulated below, Mr. Nguyen respectfully asks the court to enter a judgment of acquittal pursuant to Fed.R.Crim.P. 29(a).

### III. Standard Applicable To Fed.R.Crim.P. 29(a) Motions For Judgment Of Acquittal.

A Fed.R.Crim.P. 29(a) motion requires the court to review the evidence presented in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1999). This requires the court to determine whether any rational trier of fact can find the essential elements of the offense beyond a reasonable doubt. *Id.*

### IV. No Rational Trier Of Fact Can Find That Mr. Nguyen Committed A Crime When The Government's Evidence Depends Entirely On State Court Proceedings That Resolve With No Contest Pleas.

The government has alleged that Mr. Nguyen violated the terms of release under supervision because he was "convicted on June 24, 2005, in Unalaska, AK, for Assault in the Fourth Degree and Criminal Mischief in the Fourth Degree." It relies on certified copies of

judgments filed in *State v. Dal V. Nguyen,* 3UN-S05-93 CR entered by the Honorable Michael L. Wolverton on June 24, 2005, to establish that Mr. Nguyen committed these two crimes. These judgments were entered following Mr. Nguyen's no contest pleas to criminal mischief in the fourth degree in violation of AS 11.46.484 (Count 1) and assault in the fourth degree in violation of AS 11.41.230(a)(3).

Mr. Nguyen respectfully submits that certified copies of these judgments as well as any statements made at such proceedings are inadmissible under Fed.R.Evid. 410 (2) and (3) when offered to prove that he committed these crimes.

Fed.R.Evid. 410 provides in the applicable part:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> \* \* \* \* \* \* \*
>
> (2)   a plea of nolo contendere;
>
> (3)   any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding . . . the foregoing plea.

The commentary to Fed.R.Evid. 410 explains that this rule "gives effect to the principle traditional characteristic of the *nolo* plea, i.e. avoiding the admission of guilt which is inherent in pleas of guilty." It recognizes that a *nolo* plea does not bear the same indicia of reliability as a guilty plea when used as evidence of the underlying culpability.

3

Convictions based on no contest pleas must be excluded when offered as substantive evidence of the facts underlying the alleged crimes. *See generally* 2 Weinstein, *Weinstein's Federal Evidence*, § 410.06[3], at 410-17, 410-18 (2d. Ed.1998). This is so for three reasons. First, no contest pleas do not constitute admissions of guilt. *North Carolina v. Alford*, 400 U.S. 25, 36 and n. 8 (1970). Second, the exclusion of no contest pleas as substantive proof that a crime was committed is designed to promote compromise and alleviate crowded criminal dockets. Finally, and most importantly, the offender who agrees not to contest the prosecutor's facts in the earlier proceeding, does so because the resulting judgment cannot be presented in later proceedings to prove that the underlying criminal act was committed.

> If such convictions and sentences were offered for the purpose of demonstrating that the pleader is guilty of the crime plead to, then the nolo plea would in effect be used as an admission and the purposes of Rule 410 would be undermined.

*Olsen v. Correiro*, 189 F.3d 52, 60-61 (1st Cir. 1999).

In the present case, the government has offered certified copies of convictions based on no contest pleas to establish that Mr. Nguyen committed the crimes of assault in the fourth degree and criminal mischief in the fourth degree. This evidence must be excluded under the express provisions of Fed.R.Evid. 410.

Consequently, Mr. Nguyen is entitled to a judgment of acquittal.

V.   **No Rational Trier Of Fact Can Find That Mr. Nguyen Committed A Crime When The Government Evidence Is Admitted In Violation Of The Confrontation Clause And In Violation Of The Rule Against Hearsay.**

Similarly, reliance on these documents as well as any statements made at the state court proceedings to establish that Mr. Nguyen committed these crimes violates Fed.R.Evid. 402, the rule against hearsay, and deprives Mr. Nguyen of his Sixth Amendment right to confront and cross-examine adverse evidence.

The judgments relied on by the government are out of court statements offered to proof the truth of the matter asserted therein, namely that Mr. Nguyen committed the crimes of assault in the fourth degree and criminal mischief in the fourth degree. Consequently, these judgments are inadmissible unless an applicable hearsay exception applies. In this context, the only possible exception is set forth in Fed.R.Evid. 803(22). This hearsay exception provides:

> (22)   **Judgment of previous conviction.**  Evidence of a final judgment, entered after a trial or upon a guilty plea (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or by imprisonment in excess of one year, *to prove any fact essential to sustain the judgment*, but not including, when offered by the Government in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused.  The pendency of an appeal may be shown but does not affect admissibility.

(Italics added).

The government may not avail itself of this hearsay exception for two reasons. First, Mr. Nguyen did not plead guilty – he pleaded no contest. Second, the judgments at issue are not for felonies – they are misdemeanors. The advisory committee notes to Fed.R.Evid. 803(22) explain the policy behind the rule.

5

> Practical considerations require exclusion of convictions of minor offenses, not because the administration of justice in its lower echelons must be inferior, but because motivation to defend at this level is often minimal or nonexistent. Hence the rule includes only convictions of felony grade, measured by federal standards.
>
> Judgments of conviction based upon pleas of *nolo contendere* are not included. This position is consistent with the treatment of *nolo* pleas in Rule 410 and the authorities cited in the Advisory Committee Note in support thereof.

(Citations omitted).

Accordingly, the government may not rely on these judgments to establish that Mr. Nguyen committed these crimes without violating Fed.R.Evid. 402 (Rule Against Hearsay) and without violating the Sixth Amendment Confrontation Clause. For these additional reasons, Mr. Nguyen is entitled to a judgment of acquittal.

**VI.   No Rational Trier Of Fact Can Find That Mr. Nguyen's Conduct Was Willful When The Government's Evidence Depends Entirely On State Court Proceedings That Resolve With No Contest Pleas.**

Violation of 8 U.S.C. § 1253(b) requires proof that Mr. Nguyen willfully failed to comply with terms of release under supervision issued by the Bureau of Immigration and Customs Enforcement. Section 1253(b) provides in the pertinent part as follows:

> An alien who shall *willfully* fail to comply with the regulations or requirements issued pursuant to section 1231(a)(3) of this title... shall be fined not more than $1000 or imprisoned for not more than one year or both.

(Emphasis added).

The Supreme Court has warned against treating words in statutes as surplusage, particularly when the word at issue describes an element of a criminal offense. *Ratzlaf v. United States*, 510 U.S. 135, 140-41 (1994). Here, Congress chose to require evidence of willful conduct before a § 1253(b) violation can be submitted to a jury.

To prove a willful violation, the government must produce evidence that the act at issue was done voluntarily and intentionally **with the purpose of violating a known legal duty**. *United States v. Morales*, 108 F.3d 1031, 1036 (9th Cir. 1997).

Mr. Nguyen respectfully submits that misdemeanor judgments based on no contest pleas are legally insufficient to establish that his conduct was willful,

### VII. Conclusion.

For these reasons, Mr. Nguyen respectfully asks the court to enter a judgment of acquittal.

Dated at Anchorage, Alaska this 12th day of December 2005.

Respectfully submitted,

KEVIN F. McCOY
Assistant Federal Defender

7


Certification:
I certify that on December 12, 2005,
I hand delivered a copy of this document to:

Todd S. Mikolop
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

_____
Kevin F. McCoy