Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        vs.<br><br>DAL VAN NGUYEN,<br><br>                Defendant. | NO. 3:05-cr-0085-JWS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF ORDER ENTERING JUDGMENT OF ACQUITTAL, REQUEST FOR DISMISSAL WITH PREJUDICE AND FURTHER REQUEST FOR IMMEDIATE RELEASE FROM CUSTODY** |

**I.      Introduction.**

The government charged Dal Van Nguyen with failing to comply with the terms of an Immigration and Customs Enforcement Supervision Order in violation of 8 U.S.C. § 1253(b). In due course the matter proceeded to trial. At the conclusion of the government's case, Mr. Nguyen asked for a Fed.R.Crim.P. 29 judgment of acquittal because, even viewing the evidence presented in the light most favorable to the government, no rational trier of fact could find the essential elements of the offense proved beyond a reasonable doubt. *See* Docket No. 28. The essence of Mr.

Nguyen's claim was that no contest dependant judgments were insufficient to establish that he had committed a crime in violation of the Immigration and Customs Enforcement Supervision Order.

The court denied Mr. Nguyen's judgment of acquittal request. After the jury's guilty verdict, the court imposed the statutory maximum sentence of 12 months and committed Mr. Nguyen to the custody of the Bureau of Prisons.

Mr. Nguyen appealed his conviction on an expedited basis to the United States Court of Appeals for the Ninth Circuit. Mr. Nguyen asserted that the trial court erred when it denied his motion for judgment of acquittal and because the trial court erred when it refused his theory of defense instruction. On May 5, 2006, the appellate court vacated Mr. Nguyen's conviction, indicated that an opinion would follow, and directed the clerk to issue its mandate forthwith. *See* Exhibit A (May 5, 2006, Order and Mandate.)

The matter is now before this court on Mr. Nguyen's motion for order entering a judgment of acquittal, his request for dismissal with prejudice, and his further request for immediate release from custody. Mr. Nguyen is currently in custody at U.S. P. Lompoc in Lompoc, California.

II.  **The Information Should Be Dismissed With Prejudice And Mr. Nguyen Should Be Immediately Released From Custody Because The Double Jeopardy Clause Precludes A Second Trial Following Vacation Of A Conviction For Insufficient Evidence.**

The Fifth Amendment prohibition against double jeopardy provides that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb[.]"  U . S . Const., Amend V.

> The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is the central

>objective of the prohibition against successive trials. The Clause does not allow the State to make repeated attempts to convict an individual for an alleged offense, since the constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.

*Burks v. United States*, 437 U.S. 1, 11 (1978). A defendant who successfully challenges a conviction for insufficiency of the evidence is entitled to have his conviction reversed and is further entitled to an order directing entry of a judgment of acquittal with respect to that conviction. *United States v. Bishop*, 959 F.2d 820, 828 (9th Cir. 1992), *recognized as overruled on other grounds, Boyde v. Brown*, 404 F.3d 1159, 1171, n. 10 (9th Cir. 2005).

In the present case, the appellate court did not reverse Mr. Nguyen's conviction and remand the matter for a new trial. Instead, it vacated Mr. Nguyen's conviction and directed that its mandate issue immediately. To vacate means to annul, to set aside, to cancel, and to rescind. *Blacks Law Dictionary,* 1388 (5th ed. 1979).

### III.   Conclusion.

Mr. Nguyen has successfully challenged his conviction based on the insufficiency of the evidence presented at trial. The appellate court has vacated his conviction and directed that its mandate issue immediately. Under these circumstances, the Fifth Amendment prohibition against double jeopardy precludes a second trial. Accordingly, Mr. Nguyen asks the court for an order directing entry of a judgment of acquittal, for an order dismissing the case with prejudice, and for an order directing his immediate release from custody.

DATED at Anchorage, Alaska this 9th day of May 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: kevin_mccoy@fd.org

Certification:
I certify that on May 9, 2006,
a copy of the *Memorandum of Law in Support of Motion on Shortened Time for Order Entering Judgment of Acquittal, Request for Dismissal with Prejudice and Further Request for Immediate Release from Custody* was served electronically on:

Todd Mikolop
Special Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy